IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2024 Session

**MICHAEL DINOVO, JR. ET AL. v. KENNETH BINKLEY ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 16C121  Amanda Jane McClendon, Judge**

————————————————————

**No. M2023-00345-COA-R3-CV**

————————————————————

JEFFREY USMAN, J., dissenting.

I agree with the majority that Mr. DiNovo failed to cite the record in the argument section of his brief in violation of Tennessee Rule of Appellate Procedure 27(a)(7), which requires appropriate references to the record in the argument section itself. I also agree with the majority that violations of Rule 27 may result in the dismissal of an appeal. Where I respectfully divide from my colleagues is that I do not agree that effectively dismissing Mr. DiNovo's appeal is the appropriate response to the violation of Rule 27 under the circumstances of this case. I would instead consider Mr. DiNovo's appeal on the merits; accordingly, I respectfully dissent.

The Tennessee Rules of Appellate Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits." Tenn. R. App. P. 1. The Tennessee Supreme Court has "explained that '[t]he general policy of the rules, as suggested by the Advisory Commission and interpreted by the courts, emphasizes reaching a just result and disregarding technicality in form,' and that 'once a timely notice of appeal is filed, the rules should not erect unjustified technical barriers which prevent consideration of the merits of the appeal.'" *Trezevant v. Trezevant*, --- S.W.3d ---, No. W2023-00682-SC-R11-CV, 2024 WL 3407466 (Tenn. July 8, 2024) (quoting *Johnson v. Hardin*, 926 S.W.2d 236, 238 (Tenn. 1996)). Simply stated, Tennessee has a clear policy of favoring the resolution of cases upon the merits. *Johnson*, 926 S.W.2d at 238-39 ("[T]he overall intent of the rules is to allow cases to be resolved on their merits. A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice."); *Norton v. Everhart*, 895 S.W.2d 317, 322 (Tenn. 1995) (noting "the clear policy of this state favoring the adjudication of disputes on their merits").

The Tennessee Court of Appeals has "discretion to consider a case that could be subject to dismissal for violation of Rule 27 on the merits." *FedTrust Fed. Credit Union*

*v. Brooks*, No. W2022-01119-COA-R3-CV, 2023 WL 3994520, at \*2 (Tenn. Ct. App. June 14, 2023) (citing *Finley v. Wettermark Keith*, LLC, No. E2020-01081-COA-R3-CV, 2021 WL 3465865, at \*3 n.1 (Tenn. Ct. App. Aug. 6, 2021); *Weakley v. Franklin Woods Cmty. Hosp.*, No. E2020-00591-COA-R3-CV, 2020 WL 7861248, at \*3 (Tenn. Ct. App. Dec. 22, 2020)). There are certainly circumstances in which this court cannot or should not exercise that discretion to consider a matter in light of a violation of Rule 27. Notably, there are circumstances in which consideration would be prejudicial to the other party or to the administration of justice, and also circumstances in which consideration of the matter would shift the court from the role of serving as a neutral reviewer to essentially lawyering for one of the parties in the case. *See*, *e.g.*, *Trezevant*, 2024 WL 3407466, at \*3 (noting that "an appellant that broadly asserts error in the statement of issues and presents an argument that leaves the opposing party guessing at the issues to which it must respond, or leaves the reviewing court scouring the record for reversible errors, risks having its issues waived"); *Hamadani v. Meshreky*, No. M2023-01161-COA-R3-CV, 2024 WL 3466977, at \*3 (Tenn. Ct. App. July 19, 2024) (declining to consider the merits based upon a Rule 27 violation where the nature of the violation was such that "[t]o consider this appeal on the merits would necessitate shifting this court's role on appeal from neutral reviewer to advocate for the appellant"); *Etheredge v. Estate of Etheredge*, No. M2022-00451-COA-R3-CV, 2023 WL 5367681, at \*4 (Tenn. Ct. App. Aug. 22, 2023) (considering an issue despite a Rule 27 violation where "the error in approach to record citation by Wife's Estate has not imposed meaningful prejudice to the [opposing party] or any meaningful burden upon this court"); *FedTrust Fed. Credit Union*, 2023 WL 3994520, at \*2 (considering an issue where "the legal analysis is relatively straightforward, and we perceive no prejudice to [the opposing party] or the administration of justice from considering Ms. Brooks's arguments despite her Rule 27 violations"); *City of La Vergne v. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at \*2 (Tenn. Ct. App. Oct. 19, 2016) (considering the appeal on the merits despite the violations of Rule 27 because the shortcomings of the brief did "not impede our ability to consider the merits of his argument on appeal" and the opposing party "does not contend that it would be unfairly prejudiced by our doing so"); *see also*, *e.g.*, *Total Garage Store, LLC v. Moody*, No. M2019-01342-COA-R3-CV, 2020 WL 6892012, at \*6 (Tenn. Ct. App. Nov. 24, 2020) (declining to dismiss an appeal because, despite the fact that the appellant's violations of Rule 27 rendered his brief "not a model for record citation," the court nevertheless concluded that "Moody's brief is not so deficient throughout as to justify the heavy penalty of dismissal").

In the present case, every fact that Mr. DiNovo failed to cite in the argument section was cited in the fact section of his brief. The Appellee did not seek dismissal based upon a violation of Rule 27 or even note a violation of Rule 27 by the Appellant. The Appellee did not assert that any prejudice was suffered nor does there appear to be any prejudice to the Appellee. The record location for the facts referenced in the argument section of the Appellant's Brief can be found in the facts section of his brief. Additionally, the fact section of Mr. DiNovo's brief is not especially cumbersome. While there is some degree of inconvenience in needing to look to the fact section of Mr. DiNovo's brief to see where

in record he identifies particular facts as being shown, the briefing in this case is such that it does not place the court in the position of lawyering for Mr. DiNovo. It also does not impose significant burdens upon the court, and thereby the administration of justice, by necessitating scouring the record. Under such circumstances, I would consider Mr. DiNovo's appeal on the merits.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE